UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00595-FDW-DCK

| | |
|---|---|
| WESTERN OILFIELDS SUPPLY CO., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>NATUREWORKS ORGANICS, LLC )<br>)<br>Defendant. )<br>) | ORDER &<br>ENTRY OF JUDGMENT |

**THIS MATTER** is before the Court on Plaintiff's Motion for Partial Summary Judgment and Memorandum in Support. (Doc. No. 14). Plaintiff originally filed this motion on March 31, 2015, and the Court deferred ruling until all dispositive motions had been filed. The deadline to file motions has passed, and the parties have filed nothing further. Plaintiff's Motion is now ripe for review. For the reasons that follow, Plaintiff's Motion is **GRANTED**.

## I. FACTS

Plaintiff Western Oilfield Supply Co., doing business as Rain for Rent ("Rain for Rent") rents and sells water handling irrigation and liquid storage equipment. Doc. 14-1 at 2. On April 18, 2011, Rain for Rent and Defendant NatureWorks Organics, LLC ("NatureWorks") entered into a "Rain for Rent Credit Application, Master Rental Agreement and Sales Agreement" (the "Agreement"). Id. Under the Agreement, NatureWorks rented irrigation and liquid storage equipment on credit and agreed to pay Rain for Rent's invoices when they became due. Id. at 3. NatureWorks was required to pay an invoice within thirty days and pay 1.5% in interest per month for any late payments. Id.

From October 4, 2012 to May 29, 2013, Rain for Rent sent NatureWorks invoices for the Rental Equipment. Id. Plaintiff now contends that NatureWorks breached the Agreement by failing to pay at least forty-four of the invoices. The amounts of the unpaid invoices total $103,940.69, which includes principal and interest. Id. NatureWorks has filed no response contesting Plaintiff's allegations.

## II. STANDARD

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court determines "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). The moving party has the burden to show the court it must prevail because there are no genuine issues of material fact, Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986), and the non-moving party must then demonstrate the existence of "evidence from which a jury might return a verdict in his favor." Anderson, 477 U.S. at 257. In making its decision, the Court must view the facts and all inferences drawn from the facts in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986).

## III. ANALYSIS

Plaintiffs argue that they are entitled to summary judgement as to the issue of NatureWorks' liability for breach of contract. The parties' Agreement mandated that California law would govern any dispute over the agreement. Doc. 14-1 at 3. In California, to establish a claim for breach of contract, the plaintiff must prove the following elements: (1) the existence of a contract, (2) plaintiff's performance or excuse for non-performance, (3) defendant's breach, and

(4) damages to plaintiff therefrom.  See Acoustics, Inc. v. Trepte Constr. Co., 14 Cal. App. 3d 887, 913 (Ct. App. 1971).

Here, neither party disputes that a valid contract existed between the parties.  Doc. 14-1 at 5; Ex. A.  Rain for Rent's performance is reflected in the Unpaid Invoices (Ex. B1 – B4), which show that the Rental Equipment was provided to NatureWorks.  As required by the Agreement, NatureWorks was obligated to pay Rain for Rent "within 30 days ('Due Date') of the date of an Invoice [for] all Equipment rental, sales and other charges (if any) stated therein ('Invoiced Changes') and interest at the rate of 1.5% per months . . . on payments not received by the Due Date."  Doc. 14-1 at 5.  In its answer, NatureWorks admits to Rain for Rent's allegation that "Defendant has not paid any of the Unpaid Invoices."  Id.; Compl. ¶ 11; Ans. ¶ 11).  In response to Plaintiff's discovery requests, NatureWorks admitted that it has "an overdue balance with Rain for Rent."  Ex. 2, No. 5).  Further, NatureWorks has not filed any response to Plaintiff's Motion disputing this argument.  There is therefore no factual dispute as to NatureWorks' breach.

Finally, NatureWorks' breach has damaged Rain for Rent in the form of unpaid sums.  As such, the Court finds that all elements for breach of contract have been established and that Rain for Rent is entitled to partial summary judgment on the issue of liability.  NatureWorks' affirmative defense for failure to mitigate speaks to the *amount* of damages, an issue separate from the issue of liability that the Court decides today.  Such a defense does not bar this ruling.

### IV. CONCLUSION

Because no genuine issue of fact exists as to NatureWorks' liability for breach of contract, Rain for Rent is entitled to judgment as matter of law as to that specific issue.  For the reasons stated above, the Court GRANTS Plaintiff's Motion for Partial Summary Judgment.

IT IS SO ORDERED.

Signed: August 10, 2015

Frank D. Whitney
Chief United States District Judge